Angel Navarro (SBN) 155702
LAW OFFICE OF ANGEL
NAVARRO
1 S. Fair Oaks Avenue, Suite 401
Pasadena, CA 91105
Tel.: (626) 390-6621
e-mail: angel_navarro@me.com

Attorney for Defendant
Anthony Romero

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  CR 18-00565-DSF-1 |
| Plaintiff, | |
| v. | DEFENDANT'S INITIAL POSITION RE: SENTENCING FACTORS |
| ANTHONY ROMERO, | |
| Defendant. | |

Defendant Anthony Romero, by and through his counsel of record, Angel Navarro, hereby submits his position paper with respect to the upcoming sentencing hearing.

DATE:  November 19, 2019          /s/ Angel Navarro
                                  ANGEL NAVARRO
                                  Attorney for Defendant
                                  Anthony Romero

1

**INTRODUCTION**

Defendant Anthony Romero was arrested on August 6, 2018.  Mr. Romero was arrested following an investigation by the United States Forest Service.  Mr. Romero and his co-defendant were involved in an illegal marijuana growth.  Mr. Romero and his co-defendant were taken into custody.  Mr. Romero was fortunate enough to be granted bail.  Mr. Romero has been in full compliance with the terms of his bail and he will be appearing for sentencing.

**DEFENDANT'S POSITION**

Since the January 12, 2005 Supreme Court decision in United States v. Booker, (2005) 543 U.S. 220, the United States Sentencing Guidelines have become but merely one factor that a sentencing court may consider in fashioning a sentence that is reasonable.  (See Kimbrough v. United States (2007) 552 U.S. 85 [128 S. Ct. 558, 564].)  Core principles in sentencing have now been resolved, at least for now, by the Supreme Court holding in Rita v. United States, (2007) 551 U.S. 338, Gall v. United States (2007) 552 U.S. 38 and Kimbrough v. United States, 552 U.S. at p. 85.

Following those three decisions, in United States v. Carty, (2008) 520 F. 3d 984 (*en banc*), the Ninth Circuit Court of Appeals held that:

> [T]he overreaching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. (18 U.S.C. 3553(a) and (a)(2).)

(Carty, 520 F. 3d at p. 991.)

In doing so, all the sentencing proceedings are to begin by correctly determining the applicable Guidelines range.  The Guidelines, therefore, act as an initial benchmark and are to be kept in mind throughout the process.  (Gall, 128 S. Ct at pp. 596-597, fn. 6)  The parties must be given a chance to argue for a sentence they believe is appropriate.  (Carty, 520 F. 3d at p. 991.)

2

1   　　　　The district court should then consider the 3553(a) factors to decide if they support the

2   sentence suggested by the parties, i.e., it should consider the nature and circumstances of the

3   offense; the history and characteristics of the defendant; the need for the sentence imposed; the

4   kinds of sentences available; the sentencing range suggested by the Guidelines; any pertinent

5   policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence

6   disparities among defendants with similar records who have been found guilty of similar conduct;

7   and the need to provide restitution to any victims.  (18 U.S.C. 3553(a)(1)-(7); <u>Gall</u>, 128 S. Ct. at

8   p. 2465 (citing <u>Booker</u>, 543 U.S. at p. 259-60 [125 S. Ct. 739]; <u>Gall</u>, 128 S. CT. at p. 596-7.)

9   　　　　"The guidelines are not only not mandatory on sentencing courts; they are also not to be

10   presumed reasonable." (<u>Nelson v. United States</u>, (2009) 129 S. Ct. 890.)  "We think it plain from

11   the comments of the sentencing judge that he did apply a presumption of reasonableness to

12   Nelson's Guideline range.  Under our recent precedents, that constitutes an error." (<u>Id</u>. at p. 892.)

13   　　　　Additionally, the Guidelines factor may not be given more or less weight than any other.

14   While the Guidelines are to be respectfully considered, they are one factor among the 3553(a)

15   factors that are to be taken into account in arriving at an appropriate sentence.  (<u>Kimbrough</u>, 128

16   S. Ct. at p. 570, <u>Gall</u>, S. Ct. at p. 594, 596-7, 602.)

17   　　　　The district court must make an individualized determination based on the facts of the

18   case.  However, the district judge is not obliged to raise every possible relevant issue sua sponte.

19   (<u>Gall</u>, 128 S. Ct. at p. 597, 599.)  If a district judge "decides that an outside-Guidelines sentence is

20   warranted, he must consider the extent of the deviation and ensure that the justification is

21   sufficiently compelling to support the degree of the variance."  (<u>Id</u> at p. 597.)  This does not mean

22   that the district court's decision is constrained by the level of divergence alone.  Rather, the extent

23   of the difference is simply a relevant consideration.  The <u>Carty</u> court has expressed its skepticism

24   in requiring a more significant justification to support a major departure than a minor one.

25   (<u>Carty</u>, 520 F. 3d. at p. 992.)

26   　　　　Once the sentence is selected, the district court must explain it sufficiently to permit

27   meaningful appellate review.  A statement of reasons is required by statute (18 U.S.C. 3553(c)),

28   and furthers the proper administration of justice.  (See <u>Rita</u>, 127 S. Ct. at p. 2468 (stating that

1    "[c]onfidence in a judge's use of reason underlies the public's trust in the judicial institution").)

2    A sufficient explanation will necessarily vary depending upon the complexity of the particular

3    case, the divergence of the sentence from the Guidelines, and the strength and seriousness of the

4    proffered reasons for imposing a sentence that differs from the Guidelines range. A within-

5    Guidelines sentence ordinarily needs little explanation unless a party has requested a specific

6    departure, argued that a different sentence is otherwise warranted, or challenged the Guidelines

7    calculation itself as contrary to 3553(a). (Carty, 520 F. 3d at p. 992.)

8       In addition, there are other statutory sections that provide direction to the court in

9    sentencing. Under 18 U.S.C. 3582, imposition of a term of imprisonment is subject to the

10   following limitation: in determining whether and to what extent imprisonment is appropriate

11   based on the 3553(a) factors, the judge is required to "recognize[e] that imprisonment is not an

12   appropriate means of promoting correction and rehabilitation."

13       Under 18 U.S.C. 3661, "no limitation shall be placed on the information concerning the

14   background, character, and conduct of [the defendant] which a court of the United States may

15   receive and consider for the purpose of imposing an appropriate sentence." This statutory

16   language certainly overrides the now-advisory policy statements in part H of the Guidelines,

17   which list as "not ordinarily relevant" to sentencing a variety of factors such as a defendant's age,

18   educational and vocational skills, mental and emotional conditions, drug or alcohol dependency,

19   and lack of guidance as a youth. (See U.S.S.G. Section 5H1.)

20       In sum, in every case, a sentencing court must now consider all of the 3553(a) factors, not

21   just the Guidelines, in determining a sentence that is sufficient, but not greater than necessary, to

22   meet the goals of sentencing. And where the Guidelines conflict with other sentencing factors set

23   forth in 3553(a), the statutory sentencing factors should generally trump the Guidelines.

24                    **APPLICATION OF 3553(a) FACTORS TO THIS CASE**

25       The primary directive in 18 U.S.C. 3553(a) is for sentencing courts to impose a sentence

26   sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2.

27   The court, in determining the particular sentence to be imposed, shall consider: (1) the nature and

28   circumstances of the offense and the history and characteristics of the defendant; (2) the need for

1  the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to

2  provide just punishment for the offense, to afford deterrence to criminal conduct, to protect the

3  public from further crimes of the defendant, and to provide the defendant with needed educational

4  or vocational training, medical care, or other correctional treatment in the most effective manner;

5  (3) the kinds of sentences available; (4) the guideline sentence range; (5) any pertinent policy

6  statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence

7  disparities among defendants with similar records who have been found guilty of similar conduct;

8  and (7) the need to provide restitution to any victims of the offense.

9

10  **Nature and Circumstance of Offense and History and Characteristics of Mr. Romero**

11        The offense in question involved an illegal marijuana growth in the Los Padres National

12  Forest.  Mr. Romero and his co-defendant were arrested after law enforcement observed them

13  leaving the growth area.  As a result of this offense, the United States Forest Service spent a

14  considerable amount of resources in cleaning up the illegal growth area.

15        As noted in the presentence report (PSR), Mr. Romero is an American citizen who grew

16  up under difficult circumstances.  He was subjected to physical abuse by his father.  Equally

17  tragic was the fact that he witnessed his father physically abuse his mother.  After his mother re-

18  married, his adoptive father also physically abused Mr. Romero.  Mr. Romero began to use drugs

19  at a young age and he eventually became a heroin addict.  Mr. Romero was convicted of

20  numerous offenses when he was in his 20's.  He has not been convicted of any new offenses since

21  2009.

22        Mr. Romero has two children from previous relationships.  He and his current wife have

23  one child together.  As noted in the PSR, Mr. Romero has been continuously working at Glen

24  Haven Memorial Garden Cemetery since 2006.  Mr. Romero has been sober for over ten years.

25  He has also been a source of financial and emotional support for his wife as well.

26  /

27  /

28

5

**S**eriousness of the Offense, Promoting Respect for the Law, Providing Just Punishment, Deterrence and Protecting the Public from Mr. Romero

Ms. Romero recognizes that it was his own conduct that led to the present charges being filed.  He also recognizes that this Court must impose a sentence that promotes respect for the law.  Mr. Romero is fully aware that this Court may well impose a prison sentence. Mr. Romero has been sober for ten years and he has been steadily employed since 2006

**The Kinds of Sentences Available**

This Court has complete discretion in fashioning an appropriate sentence in this case. There are no mandatory minimums associated with this offense.


**The Guideline Sentencing Range**

As part of a negotiated plea agreement with the government, Mr. Romero and the government agreed to the following guideline calculations:

Base level of 20

Acceptance of responsibility -3


**Medical Care And Best Correctional Options**

This factor does not appear to be applicable to Mr. Romero.


**The Need to Avoid Sentencing Disparity**

This is a two-defendant case.  This factor appears to be applicable to this case.

/

/

/

/

/

/

**REQUESTED SENTENCE:**

Mr. Romero submits to the Court that a non-custodial sentence is appropriate in this case. Mr. Romero has demonstrated that he deserves an opportunity.  He has demonstrated that he can a productive member of society.  He is the sole provider for his wife and child.  He has been clean of drugs for over a decade and he has been continuously employed since 2006.

DATE:  November 19, 2019          /s/ Angel Navarro
                                 ANGEL NAVARRO
                                 Attorney for Defendant
                                 Anthony Romero

**PROOF OF SERVICE**

I, **Angel Navarro**, declare that I am a resident or employed in Los Angeles County, California; that my business address is: 1 S. Fair Oaks Avenue, Suite 401, Pasadena, CA 91105, that I am over the age of eighteen years; that I am not a party to the action entitled above; that I am employed by the Law Office of Angel Navarro, who is a member of the Bar of the State of California, and at whose direction I served a copy of the attached document entitled: Defendant's Position Re: Sentencing Factors by:

| [ ] Placing same in a sealed envelope for collection and interoffice delivery addressed as follows: | [ ] Placing same in an envelope for hand delivery addressed as follows: | [ ] Placing same in a sealed envelope for collection and mailing via the United States Post Office addressed as follows: | [ x ] same via E-mail addressed as follows: |
|---|---|---|---|

**Cristina Torres**
**United States Probation Officer**
**Woodland Hills Office**
**E-mail:**
**Cristina_Torres@cacp.uscourts.gov**

This proof of service is executed at Los Angeles, California, on November 19**, 2019**.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*/s/ Angel Navarro*
**Angel Navarro**